UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                  Criminal Case No. 19-20310

Joseph Alexander Ellington,                     Sean F. Cox
                                                      United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER
## DENYING MOTION TO REVOKE ORDER OF DETENTION

Defendant Joseph Alexander Ellington has moved to revoke the Consent Order of Detention Pending Trial that was issued in this criminal case on June 26, 2020. The parties have briefed the issues and the Court held a hearing on May 29, 2020. For the reasons below, the Court shall deny Ellington's motion.

### BACKGROUND

In this Criminal Case, Defendant Ellington is charged with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Seven of the First Superseding Indictment). The First Superseding Indictment also includes a Criminal Street Gang Enhancement under 18 U.S.C. § 521 and forfeiture allegations.

The Pretrial Services Report states that Ellington is 21 years old and single and that he and his girlfriend were expecting a child in September of 2019. Ellington has no verifiable employment history and reported that he smoked marijuana daily up until his arrest. He has gone by the aliases "Joe Sleaz" and "Sleaz." Ellington advised pretrial services that he is in excellent physical health with no medical problems reported. Ellington's adult criminal history

includes a prior conviction for armed robbery and conspiracy to commit armed robbery. Ellington was on parole at the time of the alleged instant offense.

Pretrial Services concluded that Ellington poses a risk of nonappearance due to the offense charged, his substance abuse history and aliases, his criminal activity while under parole supervision, and his lack of verifiable, legitimate employment history.  But Pretrial Services concluded that a combination of conditions could assure his appearance.

Pretrial Services concluded, however, that there is no condition or combination of conditions that will reasonably assure the safety of the community and recommended detention. It concluded that Ellington poses a danger to the community due to the nature of the instant offense, his substance abuse history, his violent behavior history, his criminal activity while under supervision, and his alleged gang involvement in the First Superseding Indictment.

The docket reflects that a detention hearing before a magistrate judge was scheduled for June 26, 2019, but, on that same date, a Consent Order of Detention Pending Trial (ECF No. 49) was issued.

The matter is now before the Court on Ellington's Motion for Revocation of Detention Order.  In his motion, Ellington indicates that he did not previously seek pre-trial release in this case because "he is a State Prisoner on parole and feared that if he were granted release, the State of Michigan Department of Corrections would detain him." (Def.'s Br. at 3).  His motion states that, "based on information currently available" to him, "the MDOC is not currently detaining parole violators where the allegations are not egregious but releasing them to their homes, some with tethers, others just on the standard conditions of a personal release bond." (*Id*.).

Ellington's motion suggests that he should be released on bond because he is only

2

charged with being a felon in possession of a firearm while his Co-Defendants "are charged with more serious charges, including Assault with Intent to Murder." (*Id*. at 1). Ellington asserts that he should be released because he has reevaluated his priorities after his child was born and that his "daughter and his fiancee are struggling financially" and his fiancee also needs help with child care.

Without any further explanation or argument, Ellington's motion also includes the following sentence: "Further, in light of the pandemic, it is just a matter of time before the virus spreads into the jail that could cause serious harm to Mr. Ellington." (Def.'s Br. at 2).[1]

Ellington's motion asks to be released on an unsecured bond with any conditions the Court finds reasonable.

The Government opposes this motion, asserting that Ellington poses a danger to the community and is also a flight risk. As to Ellington's assertions that the MDOC would not detain him, the Government's motion states that "[a]ccording to information provided by MDOC to the U.S. Attorney's Office on May 8, 2020, the parole detainer is still active, and if Ellington's detention is revoked, the MDOC will take custody of him and return him to prison for the parole violation. This information was conveyed to Ellington's counsel on the same date." (Govt.'s Br. at 9).

---

[1] During the hearing, Defense Counsel acknowledged that Defendant is a young man, in good health, with no medical conditions that place him at heightened risk as to COVID-19.

## ANALYSIS

Under 18 U.S.C. § 3145(b), a defendant who has been ordered detained may move to revoke a detention order. The Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985).

A defendant may be detained pending trial only if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). It is the Government's burden to prove by clear and convincing evidence that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); 18 U.S.C. §§ 3142(e), 3142(f)(2)(B). To determine whether no conditions exist that will reasonably assure Defendant's appearance, the Court must consider the following factors from § 3142(g): (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against Defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

Having considered these factors, the Court shall deny this motion and continue Ellington's pretrial detention.

As to the nature and circumstances of the charge, the charge against Ellington is serious and weighs in favor of detention. Ellington is charged with being a felon in possession of a firearm. *See United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002) (noting that felon in possession is a serious offense). Indeed, crimes involving firearms are a specific consideration under § 3142(g)(1).

Ellington's history and characteristics also weigh in favor of detention. Ellington is a resident of the District and has the support of family. But Ellington is also unemployed, has been using marijuana on a daily basis up until his arrest, and has no verifiable employment history. Ellington has used aliases and has a violent criminal history including armed robbery. Indeed, the instant offense occurred while Ellington was on parole.

As to the weight of the evidence against Defendant, the weight of the evidence of dangerousness is substantial. *See Stone*, 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."). Again, Ellington's criminal history includes a conviction for armed robbery, and this case includes a Criminal Street Gang Enhancement under 18 U.S.C. § 521.

Weighing all of these factors, the Court concludes the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure Defendant Ellington's appearance and assure the safety of the community.

## CONCLUSION & ORDER

For these reasons, IT IS ORDERED that Defendant's motion is DENIED.

IT IS SO ORDERED.

                                                                               s/Sean F. Cox
                                                                               Sean F. Cox
                                                                               United States District Judge

Dated: June 1, 2020